IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT SPRUILL,                              :
                                             :
                 Plaintiff,                  :    CIVIL NO. 3:CV-08-1594
                                             :
        vs.                                  :    (JUDGE VANASKIE)
                                             :
PENNSYLVANIA BOARD OF PROBATION              :
AND PAROLE, et al.                           :
                                             :
                 Defendants.                 :


MEMORANDUM

Background

       Robert Spruill, proceeding pro se, filed this civil rights action during his prior confinement

at the Mahanoy State Correctional Facility, Frackville, Pennsylvania (SCI-Mahanoy).  On

December 15, 2008, Plaintiff filed an Amended Complaint.  (Dkt. Entry # 9.)  On or about June

24, 2009, Spruill was transferred to a specialized Community Corrections Center ("CCC") in

Harrisburg, Pennsylvania.  (Dkt. Entry # 44.)

       By Order dated August 21, 2009, Plaintiff's request to file a second amended complaint

was granted and Defendants' motion to dismiss, or in the alternative, for summary judgment

was dismissed without prejudice.  (Dkt. Entry # 45.) The Order forewarned Spruill that failure to

timely submit a second amended complaint by September 14, 2009 or otherwise respond to

this Order would result in dismissal of his action for failure to prosecute. Although the relevant time period has passed, Plaintiff has neither submitted a proposed second amended complaint nor filed a proper motion seeking an enlargement of time in which to do so.

Moreover, a copy of the August 21, 2009 Order sent Spruill at the CCC (his last known address) was returned as undeliverable with an "unable to forward" notation. (Dkt. Entry # 46.) According to a September 1, 2009 filing made in a habeas corpus action brought by Plaintiff in this Court, Spruill v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-06-2037, Spruill has been released from the custody of the Pennsylvania Department of Corrections (DOC). However, although his release occurred more than one month ago, Spruill has not provided this Court with his current address.

Discussion

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)(failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a

2

litigant fails to comply with a court order directing him to file an amended complaint.  See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

A pro se plaintiff also has an affirmative obligation to keep the court informed of his or her address.  See M.D. Pa. Local Rule 83.18.  If his or her address changes in the course of the litigation, a plaintiff should immediately inform the court of such change.  Although Spruill did file one prior notice of change of address in this matter, he has not provided the court with his current address despite the fact that he was released from the CCC over one month ago.

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute:  (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Based upon an application of the Poulis factors, adequate grounds have been established for the extreme sanction of dismissal.[1]  It is initially noted that since Plaintiff both

_____

[1] Although Azubuko, 243 Fed. Appx. at 729 recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken.  See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d

requested permission to file a second amended complaint and failed to provide the Court with his current address, a finding of dilatoriness and wilful conduct is warranted. Second, because Spruill's action regards conduct taken by Defendants with respect to his consideration for parole, the meritoriousness of the present action is questionable in light of Plaintiff's subsequent CCC placement and release. Third, other sanctions are not a viable alternative because the inability of this Court to communicate with Plaintiff is solely the result of his own inaction.

In conclusion, since Plaintiff's present whereabouts are unknown, it would be a waste of judicial resources to allow this matter to continue. Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in <u>Azubuko</u> and <u>Poulis</u>. However, in the event that Spruill provides this Court with his current address within a reasonable time period, this determination will be reconsidered. An appropriate Order will enter.

<div style="margin-left:50%">

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

</div>

---

Cir. 2008)(<u>Poulis</u> factors must be considered before dismissing a case as a sanction for failure to follow a court order).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT SPRUILL,                           :
                                          :
                Plaintiff,                :   CIVIL NO. 3:CV-08-1594
                                          :
        vs.                               :   (JUDGE VANASKIE)
                                          :
PENNSYLVANIA BOARD OF PROBATION           :
AND PAROLE, et al.                        :
                                          :
                Defendants.               :

## ORDER

NOW, THEREFORE, THIS 7th DAY OF OCTOBER, 2009, in accordance withe

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1.   This action is DISMISSED.

2.   The Clerk of Court is directed to mark this matter CLOSED

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge